UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15) JS-6

### I. Introduction

On September 8, 2020, Erica Zeitlin ("Zeitlin" or "Plaintiff") filed this action in the Los Angeles Superior Court against AFSCME District Council 36 ("Council 36" or the "Council"). Dkt. 6-1 at 8-23 (the "Original Complaint"). The Original Complaint advanced the following causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§ 12926, 12940, and 12945); (2) harassment in violation of FEHA (Cal. Gov. Code §§ 12926, 12940, and 12945); (3) failure to prevent discrimination, retaliation, or harassment under FEHA (Cal. Gov. Code § 12940(k)); (4) retaliation in violation of FEHA (Cal. Gov. Code §§ 12926 and 12940); and (5) wrongful termination in violation of public policy. *Id.*

On May 25, 2022, Zeitlin added AFSCME (the "Union," and collectively with the Council, "Defendants") as a defendant. Dkt. 6-1 at 40. Also in May 2022, Zeitlin filed a First Amended Complaint. *Id.* at 42-57. On August 4, 2022, Zeitlin filed a Second Amended Complaint against the Defendants. *Id.* at 79. On September 1, 2022, the Union removed the action based on federal-question jurisdiction. Dkt. 1.

On September 30, 2022, Zeitlin moved to remand this action. Dkt. 15 (the "Motion"). On November 10, 2022, AFSCME opposed Zeitlin's motion. Dkt. 19 (the "Opposition"). On November 17, 2022, Zeitlin filed a reply brief in support of the Motion. Dkt. 21 (the "Reply").

A hearing was held on December 5, 2022. For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to the remand of the action, but denied as to Zeitlin's request for an award of attorney's fees and costs.

### II. Background

Zeitlin allegedly worked as a communications officer for the Council, which represents certain public and private sector employees. Dkt. 6-1 at 80. Zeitlin is also the stepparent and legal guardian of a disabled adult, for whom she is the primary caregiver. *Id.* She alleges that she had a "longstanding verbal and written agreement[] with Council 36 that she could work remotely as needed to supervise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

her daughter's care." *Id.*

It is alleged that, during 2017 and 2018, certain members of the Board of the Council were replaced by others with different political beliefs. *Id.* Those new members allegedly terminated several female and minority officers, including Adam Acosta, who alleged that he was terminated based on his race. *Id.* Zeitlin objected to Acosta's termination. *Id.*

The Second Amended Complaint also alleges that "Council 36 began a concerted effort to harass [Zeitlin] into quitting." *Id.* It is alleged that the Council decided to do so because "Ms. Zeitlin was a member of the staff union, and could only be fired with cause . . . ." *Id.* It is alleged that the Council reneged on its remote-work agreement and required Zeitlin to spend more than a week away from her disabled daughter. *Id.* at 81. When this failed, she was allegedly suspended without reason and then terminated. *Id.* Zeitlin alleges that her termination was "in retaliation for her asserting her Latino colleagues' right to be free from workplace discrimination and for her association with her disabled daughter." *Id.* She also alleges that she was subject to harassment and discrimination based on her gender. *Id.* at 90-91.

As noted, the Original Complaint against the Council was filed on September 8, 2020. *Id.* at 8-23. As also noted, it alleged five causes of action, all of which arose from the allegedly wrongful termination of Zeitlin on November 1, 2019. *Id.* at 8-23. As also noted, during May 2022, Zeitlin filed the First Amended Complaint in which the Union was added as one of the Doe Defendants. *Id.* at 40, 42-57.

The Union filed a demurrer in the Superior Court on July 15, 2022. *Id.* at 60-62. In support of the demurrer, the Union argued that Zeitlin had not adequately pleaded any of the claims against it because the First Amended Complaint did not adequately allege that Zeitlin was employed by the Union. *Id.* at 63-73.

Zeitlin filed a Second Amended Complaint on August 4, 2022. *Id.* at 79-96. It alleges that the Union "is an unincorporated business association, with its principal place of business in Washington DC . . . ." *Id.* at 82. It further alleges that, "[a]t all times alleged herein, each Defendant was an agent, servant, joint employer, employee, partner, and/or joint venture of every other Defendant and was acting within the scope of that relationship." *Id.* It also alleged that "the conduct of every Defendant was ratified by each other Defendant." *Id.*

The Second Amended Complaint contains further allegations detailing the Union's alleged control over Council 36. It alleges that "[t]he AFSCME International Constitution provides standards applicable to Ms. Zeitlin's superiors and persons with control over her employment with District Council 36." *Id.* at 88. It also alleges that "[t]he AFSCME International Constitutional . . . provides standards and requirements for Zeitlin's duties and [she] was subject to potential discipline and control by AFSCME during her employment with District Council 36." *Id.* It is further alleged that "AFSCME possessed the authority to discipline Andreas Young, Maribel Alvarenga, and other union members who discriminated against Ms. Zeitlin during her employment." *Id.* The Second Amended Complaint later alleges that these individuals and others were subsequently suspended by the Union for various misconduct. *Id.* It also alleges that AFSCME has claimed authority over "any employee of an AFSCME subordinate body . . . ." *Id.*  It also alleges that "AFSCME possessed the authority to place District Council 36 under a trusteeship, which gives AFSCME and its authorized representative complete control over District Council 36." *Id.* at 89.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

Further allegations include that "AFSCME exercised this authority and took control of the [Council]" in Spring 2022. *Id.* It is alleged that "the allegations of discrimination and harassment contained in Ms. Zeitlin's lawsuit and Mr. Acosta's lawsuit against District Council 36 were motivating reasons for AFSCME to place District Council 36 into trusteeship." *Id.* Finally, it is alleged that "AFSCME was aware of the discrimination and harassment" that Zeitlin suffered while an employee. *Id.*

AFSCME notified Zeitlin that it intended to remove this action, and Zeitlin's counsel responded that removal was improper. Dkt. 15-1 at 49-51. Zeitlin's counsel argued that AFSCME's attempt to remove the action was based on the same arguments AFSCME made unsuccessfully in *Tris Carpenter v. American Federation of State, County & Municipal Employees*, 2:21-cv-09743-MCS-KS, Dkt. 18 (C.D. Cal. Mar. 15, 2022) (Scarsi, J.). *Id.* at 50.

As noted, on September 1, 2022, the Union removed this action based on a claim of federal-question jurisdiction. Dkt. 1. The notice of removal states that "Plaintiff does not allege that Defendant was her employer, a joint employer with Co-Defendant District Council 36 or an agent of District Council 36 in her SAC State Court Action." *Id.* at 6; *see* Dkt. 6-1 at 5. Zeitlin notified AFSCME of her view that this statement was a misrepresentation. Dkt. 15-1 at 66-68.

On September 15, 2022, AFSCME moved to dismiss the claims against it. Dkt. 13. On September 30, 2022, Zeitlin moved to remand the action to the Los Angeles Superior Court. Dkt. 15.

III.   **Analysis**

    A.   Legal Standards

        1.   Motion to Remand

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

"[T]he burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). "In determining the presence or absence of federal jurisdiction, we apply the ' 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)). As a result, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)). Put another way, "[t]he federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition or removal.' " *Id.* (quoting same). This "rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.' " *Id.* at 838-39 (quoting *Caterpillar*, 482 U.S. at 399)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden to establish that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

   2.  LMRA Preemption

"Defenses based on federal law, including preemption defenses, do not ordinarily provide a legitimate basis for removal." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). "In areas where federal law completely preempts state law, however, a claim purportedly based on state law is considered to be a federal claim from its inception; thus, such claims are considered to have arisen under federal law." *Id.*

"Section 301 [of the LMRA] completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations." *Id.* Section 301 applies to collective-bargaining agreements, as well as to agreements "between any . . . labor organizations," such as AFSCME's International Constitution. *See* 29 U.S.C. § 185(a).

"A state-law claim is preempted by section 301 'if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement.' " *Ramirez*, 998 F.2d at 748 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)). The Ninth Circuit has distinguished between causes of action "either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement," which are preempted, and causes of action "that only 'tangentially involv[e]' a provision of a collective-bargaining agreement," which are not preempted. *Id.* (quoting *Hayden v. Reickerd*, 957 F.2d 1506 (9th Cir. 1992)). Similarly, "rights [that] are 'nonnegotiable' and 'cannot be removed by private contract'" are "independent of collective-bargaining agreements." *Id.*

To apply these principles, courts follow a two-step analysis. The "section 301 preemption cases . . . require, first, an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* "If, however, the right exists independently of the CBA, [courts] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement." *Id.* (quoting *Caterpillar*, 482 U.S. at 394)).

In the analysis, the material question is "the *legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Id.* at 1060 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

To guide the analysis, the Ninth Circuit has also distinguished "between reference to and interpretation of an agreement"; only the latter supports preemption. *Ramirez*, 998 F.2d at 749. "Although th[is] line . . . may be somewhat hazy, merely referring to an agreement does not threaten the goal that prompted preemption -- the desire for uniform interpretation of labor contract terms." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

      B.      Application

The parties do not dispute that the removal, if proper, was timely. Thus, the question presented is whether there is federal-question jurisdiction over this action. That issue turns on whether any of Zeitlin's claims arise under federal law under the doctrine of LMRA preemption.

           1.      <u>Whether Zeitlin's Claims Arise Under Federal Law</u>

Zeitlin's claims are based on alleged violations of her rights arising under California law, not any labor agreement. Even if her workplace were not unionized, she would still have these rights provided by California law, i.e., not to be subject to unlawful discrimination, harassment or retaliation or to be wrongfully terminated in violation of public policy.

The Second Amended Complaint does not include a claim for breach of contract. Nor are any of her claims premised on an alleged breach of the Union's International Constitution or a collective-bargaining agreement. The Union argues that Zeitlin does not allege that the Union was her employer. From this premise it argues that her claims must arise from alleged breaches of the applicable collective-bargaining agreement or the Union's International Constitution. The Union's analysis is not persuasive.

The Second Amended Complaint alleges that "each Defendant was a[] . . . joint employer . . . of every other Defendant and was acting within the scope of that relationship." Dkt. 6-1 at 82. The statutes cited as the basis for Zeitlin's claims only apply to employers. The Union contends that Zeitlin has not adequately alleged that the Council and the Union were her joint employers. Zeitlin's claims as alleged will require her to prove that the Union was one of her employers, or that the Council's conduct can be imputed to the Union. If she cannot do so, her claims will fail. But the gravamen of Zeitlin's claims is clear; they arise from FEHA, not AFSCME's International Constitution or a collective-bargaining agreement.

This outcome is consistent with principles adopted by the Ninth Circuit. Thus, "[i]n every case in which [the Ninth Circuit has] considered an action brought under the California [Fair] Employment [and Housing] Act, [it has] held that it is not preempted by section 301." *Ramirez*, 998 F.2d at 748; *see Schrader v. Noll Mfg. Co.*, 91 F. App'x 553, 555 (9th Cir. 2004) ("We have consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301."); *see also Bachilla v. Pac. Bell Tel. Co.*, No. S-07-739 RRB KJM, 2007 WL 2825924, at *7 (E.D. Cal. Sept. 25, 2007) ("Thus, as a general matter, claims of retaliation or racial discrimination under FEHA . . . are not preempted simply because they involve a relationship that is governed by a labor contract.") (quoting *Guidry v. Marine Engineers' Beneficial Ass'n*, No. C 05-03960 CRB, 2007 WL 707511, at *4 (N.D. Cal. Mar. 6, 2007)); *Ku v. Argent Hotel Mgmt., LLC*, No. 20-CV-05026-LB, 2020 WL 5836506, at *4 (N.D. Cal. Oct. 1, 2020) ("Section 301 does not preempt discrimination claims and retaliation claims, even if it is necessary to refer to the CBA to determine the terms and conditions of employment.").

Further, Zeitlin's claims do not require interpretation of the Union's International Constitution or any collective-bargaining agreement. The Union's arguments to the contrary are again unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

The Union argues that Zeitlin claims Defendants breached the applicable collective-bargaining agreement by terminating her without "just and reasonable cause." Opposition at 6. The Union mischaracterizes Zeitlin's claims. The claim for wrongful termination is premised on the allegation that it was in violation of public policy. Specifically, it is alleged that her termination violated public policy because it was due to "her gender and her associations with Mr. Acosta and her disabled daughter." Dkt. 6-1 at 95.[1] The Second Amended Complaint refers to the "just and reasonable cause" provision only once. Thus, it alleges that the Council "began a concerted effort to harass her into quitting" because "Ms. Zeitlin was a member of the staff union[] and could only be fired with cause . . . ." *Id.* at 80. Zeitlin's claims are not predicated on any breach of this provision. Instead, the reference to the collective-bargaining agreement is advanced only to seek to establish that the Council had a motive to engage in improper behavior to cause her to resign and to present an allegedly pretextual basis for terminating her. In sum, the collective-bargaining agreement is not an "essential element" of Zeitlin's claims.

The Union next argues that this Court would have to interpret the Union's International Constitution to determine whether Zeitlin was an employee of the Union. In determining whether a defendant is an "employer" for purposes of FEHA, courts "consider the 'totality of circumstances' that reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." *Vernon v. State of California*, 116 Cal. App. 4th 114, 124 (2004).

> Factors to be taken into account in assessing the relationship of the parties include payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment.

*Id.* at 125.

Zeitlin may be found to be an employee whether or not the International Constitution says that she is. And, she may be not to be one, again independent of what that document states. Also, even if the International Constitution describes Zeitlin's work responsibilities, that would merely be one element of evidence regarding the Union's ability to control Zeitlin's performance of her duties. Under these circumstances, and in light of California law, there is not a sufficient showing that there would be a need

---

[1] Although the allegations in support of this claim refer to Zeitlin's "agreement with Council 36 that she could work remotely and report to the office at her discretion," *id.*, this is a "side agreement" between Zeitlin and the Council. *Id.* at 83. Neither party has argued that Zeitlin's remote-work arrangement is part of a collective-bargaining agreement. LMRA preemption only applies to "contracts between an employer and a labor organization . . . or between any such labor organizations . . . ." 29 U.S.C. § 185(a). Because Zeitlin is neither an employer nor a labor organization, the remote-work agreement is not subject to LMRA preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

to interpret the International Constitution in connection with assessing Zeitlin's claim to have been employed by the Union.

The Union also claims that an interpretation of its International Constitution will be necessary to determine whether the Union was obligated to redress any misconduct by the Council. This argument is also unpersuasive. If the Union employed Zeitlin, it was obligated to comply with the FEHA, and could not terminate Zeitlin in violation of public policy. If the Union did not employ her, it would not have such obligations and would not have corresponding liability.[2] As stated earlier, whether Zeitlin is employed by the Union does not turn on an interpretation of the International Constitution. And, because an employee cannot, through a contract, waive rights under FEHA, the scope of those rights requires an interpretation of the FEHA statute, not the International Constitution or any collective-bargaining agreement.

The Union next argues that this Court would have to interpret the International Constitution to determine what, if any, authority the Union had over the Council and whether it failed to exercise any such authority to prevent the alleged discrimination and harassment. Zeitlin's allegation that the Union had control over the alleged misconduct in her workplace is based on independent factual allegations. These include that the Union allegedly suspended or terminated employees of the Council as a result of their conduct, and that the Union eventually placed the Council under a trusteeship and took control of it. These allegations, if established, would provide the basis for Zeitlin's claim that the Union was her joint employer without requiring any interpretation of the Constitution. To supplement these allegations, Zeitlin may cite to the portions of the International Constitution describing the Union's authority over the Council. However, the description of the relationship between the Union and the Council in the International Constitution is not determinative of whether the Union's alleged failure to intervene was the factual and proximate cause of Zeitlin's alleged harms. As before, this issue requires a reference to the Constitution, not an interpretation of it.

Finally, the Union argues that many of Zeitlin's allegations that the Union was her joint employer are conclusory, and that Zeitlin's specific allegations again would require interpretation of the International Constitution. Zeitlin's specific allegations do not require interpretation of the International Constitution for the reasons already stated. Even if Zeitlin's allegations left it possible, rather than plausible, that Zeitlin was employed by the Union, the Union has not met its burden to show that removal is proper. "A plaintiff 'may not defeat removal by omitting to plead necessary federal questions.' " *Abadam v. State of Hawaii*, 248 F.3d 1169 (9th Cir. 2000) (quoting *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998)). However, for the reasons stated earlier, whether the Union and the Council jointly employed Zeitlin is a question of state law. Whether the Union and the Council engaged in discrimination, retaliation, and harassment in violation of FEHA is also a question of state law. And, whether the Union and the Council violated California public policy by terminating Zeitlin is also a question of state law.

The Union cites no authority for the proposition that, if Zeitlin's claims are not plausible, they may be disregarded for purposes of determining subject-matter jurisdiction. The Ninth Circuit has rejected this argument in another context. "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the

---

[2] Although claims could be made seeking to impute the Council's conduct to the Union, the parties have not addressed this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Application of the 12(b)(1) standard was appropriate because "[t]he relative stringency of the standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Id.* at 550 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Here, the Union is seeking a determination as to subject matter jurisdiction in a context in which there is a presumption against removal jurisdiction. As a result, it is appropriate to consider Zeitlin's allegations unless they are wholly insubstantial and frivolous.

The Union has not shown that Zeitlin's joint-employer allegations are wholly insubstantial and frivolous. "In determining liability under the FEHA, [courts] look " 'to the degree an entity or person significantly affects access to employment' . . . ." *Vernon*, 116 Cal. App. at 126. Courts also "consider the 'totality of circumstances' that reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." *Id.* at 124. Zeitlin has alleged instances where the Union suspended or terminated employees of the Council based on their conduct while employed by the Council. Zeitlin also noted that the Union eventually placed the Council under a trusteeship and took over the Council's operations. These joint-employer allegations are not entirely insubstantial or frivolous.

      2.      <u>Whether Zeitlin Should Be Awarded Fees and Costs</u>

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has rejected the contention "that attorney's fees should be awarded automatically on remand, or that there should at least be a strong presumption in favor of awarding fees." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Similarly, the Supreme Court saw "nothing to persuade [it] that fees under § 1447(c) should either usually be granted or usually be denied. *Id.* at 139. Therefore, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* However, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

"Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.' " *Grancare*, 889 F.3d at 552 (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable." *Id.*

Zeitlin argues that the Union lacked an objectively reasonable basis for removal for two reasons. First, the Union's arguments had been expressly rejected in *Carpenter* and in the Ninth Circuit. Second, the Union mischaracterized her claims and disregarded the well-pleaded complaint rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-06265 JAK (JPR) | Date | January 12, 2023 |
| Title | Erica Zeitlin v. AFSCME District Council 36, et al. | | |

As to the former argument, *Carpenter* was distinguishable. Although the plaintiff in *Carpenter* brought similar claims against the Union, he did not cite the Union's International Constitution in support of his argument that the Union employed him. *See Carpenter*, 2:21-cv-09743-MCS-KS, Dkt. 1-1. Instead, the plaintiff in *Carpenter* cited the International Constitution in connection with describing the steps that he took to attempt to remediate alleged acts of financial misconduct. *See Carpenter*, 2:21-cv-09743-MCS-KS, Dkt. 18. Here, Zeitlin did rely in part on the International Constitution to support her joint-employer allegations. As a result, the facts here are less clear than those in *Carpenter*. Although Zeitlin's claims are not preempted, they may result in some references to the International Constitution.

As to Zeitlin's second argument, there has not been a sufficient showing that the Union sought to mislead the Court. Although the Court has not agreed with the Union's interpretation of the basis of Zeitlin's claims, the Union did not conceal any facts necessary for that determination. Zealous advocacy is not a basis to find that an award of fees and costs is appropriate.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The action is remanded to the Los Angeles Superior Court at the Stanley Mosk Courthouse, Case No. 20STCV34154. The request for an award of attorney's fees and costs is denied.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | tj |